Honorable Frank J. Willems State Representative Chairman, Legislative Joint Auditing Committee State Capitol Little Rock, AR 72201
Dear Representative Willems:
This is in response to your request for a clarification of Attorney General Opinion No. 86-450 concerning the annexation of the Desha School District in Independence County.
Attorney General Opinion No. 86-450 concluded that the Batesville School District, the school district to which the Desha School District was annexed, was obligated to honor contracts entered into by the Desha School District prior to being annexed. The contracts in question were between the Desha School District and bus drivers entered into and bought back by the Desha School Board with full knowledge that the school district would not be in existence for the time period which the contracts covered.
In concluding that the Batesville School District was compelled to honor the contracts, Opinion No. 86-450 focused upon a condition in the annexation agreement which stated that the Batesville School District would honor all contracts offered by the Desha School District prior to annexation.
The question you have posed in your clarification request is whether it was proper for the Desha School District to enter into the contracts in question with full knowledge at the time the contracts were issued that the services would not be performed.
Pertinent to your inquiry is Ark. Stat. Ann. 80-509(k) (Repl. 1979) which provides as follows:
 The board of school directors of each district in the State shall be charged with the following powers and perform the following duties:
 (k) Buy and pay for out of district school funds, supplies such as fuel, crayons, charts, globes, dictionaries, etc., which may be necessary for the efficient operation of the schools, provided that for schools except for those in cities having twenty-five hundred (2,500) or more population, said supplies meet the approval of the county examiner (county school supervisor) in price and merit, provided further that no warrants shall be issued by any school board for the payment of the supplies and/or services set out in this Paragraph until said supplies and/or services shall have been delivered to said school. If any school board or any part of the directors of any school board in the State of Arkansas shall issue a warrant or warrants in payment of such supplies and/or services prior to the delivery of said supplies and/or services to the said school, and the school district (which) suffers any loss because of the failure of the seller to deliver said supplies and/or services because of the defective quality of said supplies and/or services or for any other reason then the said directors shall be personally liable to the said school district for the total amount of said loss suffered by the district.
Although this provision arguably would not cover services of bus driving personnel, any arrangement by public officials to pay for services which were never to be rendered shocks the conscience. Such arrangements raise serious questions about fraud being perpetrated against the public and this Office hastens to disapprove of any such agreements.
While Ark. Stat. Ann. 80-509(k) specifically addresses the personal liability of directors for misuse of school district funds in certain situations, this Office must refrain from addressing whether and by whom restitution should be made herein. This is a matter better left to Judicial resolution if initiated by appropriate parties.
The foregoing opinion which I hereby approved was prepared by Assistant Attorney General C. Randy McNair III.